All right. Okay. The first case on our call this morning is agenda number six. Case number one oh four zero zero. I'm sorry. One oh four zero seven seven and one oh four four four five. People of the state of Illinois versus Robert Patrick at all. Ms. Curry, ready to proceed? Good morning, your honors. My intention, I'm Sarah Curry from the Office of the State Appellate Defender. I represent Robert Patrick. My intention is to take the first ten minutes and talk about the issues pertaining to Mr. Patrick's case and then turn the argument over to Mr. Gentry, who will be talking about Mr. Phillips' case. Prior to trial and again prior to taking the stand, Robert Patrick asked Judge Sachs to rule on his motion in Limine, seeking to bar the state from using his prior convictions for impeachment purposes. Both prior to trial and prior to taking the stand, Judge Sachs refused to rule on Patrick's motion. Judge Sachs' refusal to rule was not based on the facts or specific circumstances of Patrick's case. Rather, Judge Sachs has opposed Patrick's motion and is now seeking to remove Patrick's motion from the statute. Patrick's motion is a policy, never ruling on motions in Limine regarding prior convictions until after the defendant has testified. Judge Sachs stated, quote, I do not give advisory opinions. If Patrick testifies and I determine after he testifies that the prior convictions are admissible, the state can introduce them via certified copies. I don't make exceptions for anybody. That includes Robert Patrick or anybody else. Patrick was then forced to decide whether or not to testify on his own behalf without knowing whether or not the state would be able to introduce his prior convictions to impeach his credibility. Patrick did decide to testify and following his testimony, Judge Sachs ruled that the state would be able to introduce three out of his five prior convictions. Judge Sachs' blank refusal to rule on motions in Limine regarding the admissibility of prior convictions is erroneous. Not only is such a rule directly at odds with this Court's decision in Montgomery, it negatively and unnecessarily impacts the defendant's decision whether or not to exercise his right to testify. A defendant's right to testify is fundamental. In fact, this Court has held that the decision whether or not to testify is of such importance that while usually made after consultation with counsel, the ultimate decision belongs to the defendant alone. Certainly, knowing whether a testimony will be impeached with a prior conviction is a significant factor, if not the most significant factor, that a defendant considers in deciding whether to exercise his constitutional right to testify. Ms. Currie? Yes. If the Court had ruled on the motion in Limine, is the Court bound by that ruling throughout the course of the trial? Certainly not. Motions in Limine are motions made prior to the introduction of evidence. That's what they are by definition. And if the case unfolds in a way that is different than the way it was presented up until the ruling on the motion, then certainly a judge has the, he may change his ruling once the evidence is actually introduced. It is not final until the evidence is actually introduced throughout, in the course of the trial. So, if in your case, if the judge had granted a motion in Limine to bar some prior convictions, the judge could later change that decision? Certainly. With, I mean, there would have to be reason for the change in ruling, but yes, the judge could change his mind if the trial progressed in a way differently than was presented at the time of the motion in Limine. Would the defendant not be prejudiced more greatly by that scenario than not ruling at all? Well, certainly there would have to be a good reason for the change in ruling. So that would, you know, it would depend on what the reason for the change in ruling would be. But assuming that there's not going to be a change in ruling, if the evidence progresses, the trial proceeds in the way that everyone has portrayed it, then he at least will have been able to make the decision whether or not to testify with a better understanding of whether his prior convictions will be introduced against him or not. Along with that, just because the court would deny a motion in Limine, that doesn't necessarily mean the state would actually introduce those convictions, does it? Or that they would introduce all of them that they have? It doesn't necessarily mean that, but at least the defendant would have some understanding that they could, and that would be more knowledge in deciding whether or not to exercise his right to testify than having no knowledge. At that point, and it's an unlikely situation that the state's not going to introduce the prior convictions that the court has said are admissible. I don't believe I've ever seen a case where that's happened. And certainly then the defendant at least knows that it's possible, and he has more knowledge in deciding whether or not to testify than had the judge not ruled on the motion at all. But doesn't the defendant know going in, doesn't he know his own prior convictions, and doesn't he know what his testimony is going to be? So he has all the information at hand. So does the judge, and that's why the motion should, there's no reason not to rule on the motion before he testifies. Yes, I mean as in this case, the state was seeking to introduce five of Patrick's prior convictions. One for possession of a solar motor vehicle, and four for possession of a controlled substance. Patrick didn't know which, how many of these prior convictions might be admitted by the court, and as it turned out, it was only three. But the risk of having the jury hear about a possession of a solar motor vehicle conviction is very great. And since there is this balancing to be done, the defendant does not know for sure whether or not the prior convictions will be admitted. And since all the information is there at hand, then certainly the court can make the decision prior to the defendant's testimony. You represent Mr. Patrick, right? Yes. He did testify. He did testify. In a few minutes we'll hear from counsel for Mr. Phillips. Correct. He did not testify. He did not testify. Is testifying a prerequisite to making the argument you're making here today? I don't have to make that decision. Mr. Gentry can make that argument for you. My client testified. His issue is preserved. He was forced to decide whether or not to testify without knowing whether his prior convictions would come in. He did end up testifying and now claims error for having been forced to make that decision without knowing whether those convictions would come in. Within the context of the record of this case, do we know that Mr. Patrick would not have testified had the motion in limine been granted? I think we do. He renewed his motion just prior to taking the stand, which certainly signifies the importance that whether his convictions would come in or not was playing in his decision whether or not to testify on his own behalf. Right up until the very moment that he took the stand, the defense was asking the judge, please rule on this motion. Please let us know whether these convictions will come in. So, yes. There's an indication in the record. I don't think there's any evidence. There is no direct. He did not get up and say. There's an inference to be drawn. It's a strong inference, I would say. In People v. Montgomery, this court adopted Federal Rule of Evidence 609 to be used as a guide for Illinois trial courts when deciding whether a defendant's prior conviction should be admitted. This court quoted approvingly from the advisory committee of the Rule 609 Advisory Committee, which said, quote, There may well be cases where the trial judge might think that the cause of truth would be helped more by letting the jury hear the defendant's story than by the defendant's forgoing that opportunity because of the fear of prejudice founded upon a prior conviction. Thus, according to Montgomery, the most important factor for a trial court to consider is whether the defendant's testimony is so important to the trial that it's not worth risking the possibility that the defendant will choose not to testify by admitting the prior convictions against him. The consideration of this factor presupposes that the balancing is being done before the defendant has testified. And thus, Montgomery suggests, if not dictates, that the determination of the admissibility of prior convictions should be made in a motion in limine. Was Mr. Patrick raising a claim of self-defense? He was claiming self-defense. Wouldn't he have had to testify anyway, then? He would not have. He had both state witnesses and the defense witnesses presented evidence that supported his theory of self-defense. And therefore, his testimony was not critical to his claim of self-defense. It was important. But this makes the delay in ruling, the refusal to rule, that much more egregious because his state of mind was certainly at issue as he was arguing self-defense. And so his testimony was important. However, it also was important that the jury believe his testimony. And therefore, knowing whether he's going to be impeached with the prior convictions when it's so important that the jury believe him, I mean, he's left in a dilemma of what to do. Would you agree with the state's proposition that, although many courts have found that it's preferable for the trial court to rule on the motion in limine at an earlier stage, that the great weight of authority allows the trial court discretion in that? In this case, I don't think that that standard even matters. I think they put it that way, the great weight of authority would. I would say the great weight of authority says that absent very, very unusual, rare circumstances, the judge should rule in advance. Here, we have a blanket refusal. This is not a case where for some reason, specific to the facts of this case, Judge Sachs didn't say, you know what, I'm really torn, I can't decide, I really need to hear the defendant's testimony before I can rule on these five prior convictions. He didn't say anything like that. In every single case, every defendant who walks into Judge Sachs' courtroom cannot get a ruling on a motion in limine. This is, it's unfair, simply put, that it's luck of the draw which courtroom you're assigned to, whether you will know whether your prior convictions are coming in or whether you won't know. If you end up with Judge Sachs, you're not going to get a ruling. If you end up with most of the other judges, you probably will. This case is far outside of any discretionary situation that a judge might have in deciding whether or not to rule. Judge Sachs has a blanket refusal to rule in all cases, and that cannot be upheld under the mandates of Montgomery, which says that it is necessary for the judge to consider the importance of the defendant's testimony in deciding whether or not to allow the prior convictions to come in. That factor to be considered has to be considered before the defendant is testified. Is there anything in the record to indicate that is his blanket rule in all cases? He said that. I don't make exceptions for anybody. This is what I do in every single case. Moreover, there's no reason to and every reason not to delay a ruling. If we were to rule in favor of you on your case, it would be limited to the facts of your case. You may rule in favor of my case limited to the facts. But it's significant because your case is that this is the case that's going to decide all the cases in which the defendant testifies. This is going to be the case that decides whether or not the judge has to demonstrate he has discretion to make the ruling. Correct. Which is kind of a different issue. It is. It's an easier issue if you think of it. A judge shouldn't be able to have a blanket refusal to not consider the Montgomery factors prior to the defendant testifying in all cases. It simply flies in the face of Montgomery. There is no reason to delay ruling and every reason to rule in advance. By ruling in advance, the defendant will be provided with the critical information necessary to decide whether or not to exercise his right to testify. By ruling in advance, the defense will be able to present the defendant an opening statement in an accurate light and anticipatorily disclose the prior convictions, a strategy that has been approved of by this court. And the court, as I said, has all of the information necessary. And if he feels or she feels that they don't have all of the information necessary, certainly they can ask for an offer of proof. I don't want to go into Mr. Gentry's time, but Mr. Patrick was extremely prejudiced by the trial court's decision not to rule on his motion in limine. And for those reasons and those stated in the brief, we ask that you reverse his conviction and remand for a new trial. Thank you, Ms. Curry. Mr. Gentry. Good morning. I'm Stephen Gentry. I represent Ezekiel Phillips. There was no legitimate reason for the trial court in Mr. Phillips' case to refuse on his pre-testimonial motion to bar the use of his prior convictions as impeachment of his credibility generally. Let's start with a question that's more properly asked regarding your client rather than Mr. Patrick. Your client did not testify. Correct. Wouldn't U.S. Supreme Court law indicate that you can't raise the issue unless your client does indeed testify? No. Lewis v. United States is a very limited ruling. It's a federal gatekeeping rule regarding the federal rules of evidence.  There the judge did rule, and the defendant thereafter did not testify and thus waived review of that. Here we have a situation where the judge did not rule, and again, as I said, for no legitimate reason. Can I follow up? Justice Wolfson, who I think wrote the opinion, the majority opinion here, talked about the great weight of authority the other way. In his case, it was suggested that it was with great reluctance that he went the way he did, but there was this great weight of authority. Indeed, Justice Hoffman in his special concurrence made reference to the same thing. Is it accurate that the position that you're taking has a great weight of authority on the other side? I would not characterize it as a great weight. Certainly, there are appellate court cases. I think that there were six. There were six that were cited, but again, they were addressing different questions than are at issue here. Where the judge refuses to rule, it's not an evidentiary ruling that is at issue. What is at issue is the prejudicing of the defendant's very decision of whether or not to take the stand. Perhaps one of the most important decisions that a defendant has, a decision that this Court has held, is the defendant and the defendants alone to make. When the judge refuses to rule in this type of a situation, the defendant is put in a horrible position because, on the one hand, the defendant can choose to remain silent and run the huge risk that the jury is going to infer guilt from that silence. On the other hand, the defendant can take the stand and risk, again, having his case sunk by the admission into evidence of prior crimes that the jury could and might very well misuse to likewise consider him guilty. Counsel? I was just going to ask, in your case, did the trial judge have a blanket refusal to rule on any kind of a motion in limine? No, the judge did not. The judge specifically said that he wanted to hear Mr. Phillips testify before making that decision. But really, there was nothing that his testimony could have provided the Court that the Court would have needed to make the decision. The prior convictions at issue included two of the exact same charges that Mr. Phillips was facing, aggravated battery and armed violence. The prejudicial impact of those coming into being put in front of the jury was obvious. Similarly, the importance of Mr. Phillips' testimony to the discovery of truth at issue in the case could not have been more significant either. It was a self-defense case. Mr. Gentry, you had indicated that this was a prejudice issue, not an evidentiary issue. I pose the question to Ms. Curry that if the judge had ruled in your case and then after your client testified changed his mind, can the judge do that and then allow the prior convictions to come in for impeachment? If there were something to happen during the course of the trial that would cause the Montgomery factors to turn in a way calling for the admission of evidence, the judge could change that ruling. I cannot think of a scenario. Wouldn't that be more prejudicial to your client if he was relying on the judge's ruling that the priors would not come in? He elects to testify and then the priors come in. Wouldn't that be more prejudicial based on your argument? No, it would not. Number one, the issue would be preserved for appeal. Number two, the defendant's choice as to whether or not to testify would not be impacted because the defendant would know given what the court knew at that time that the priors would or would not come in and could use that in making the decision to testify. If that would have changed later, there would be a reason for it. And certainly if the defendant's testimony veered wildly from what was expected, that would be such a reason. But I don't anticipate that this would happen with any frequency. And, in fact, I cannot think of a single example of how that would happen. But would your client, if your client is relying on the judge's ruling on the motion in limine, granting the motion, and in reliance on that he elects to testify thinking that his priors would not come in, and then in fact they do come in, is that not more prejudicial to your client's decision-making process and doesn't it actually build in some possibility of error in the trial court in changing the ruling? It does build the possibility of error in changing the ruling. And certainly whatever is on the record prior to the change in the ruling would be of assistance to courts of review in determining whether that change was warranted. Now, where the ruling is not made and the defendant does not testify on account of the cloud of uncertainty over the value of his testimony, this simply compounds the prejudice to the defendant because in putting him in this horrible dilemma initially, it also then causes the defendant to have to make a judgment call with regard to the preservation of the issue and using that to encumber the defendant's choice as to whether or not to testify. Counsel, in your case, didn't the judge exclude at least one of the prior? The judge excluded one on the basis that it was time barred but did not conduct the Montgomery balancing test of the danger of unfair prejudice. At what point did the trial judge make that ruling? The judge apparently made the ruling before trial. It's not reported. However, just after the two defense witnesses had testified to the facts, which gave the court a clear understanding of what the defendant would testify to, that he was attacked with a two-by-four before he stabbed the complainant, the defendant then renewed the motion. So it was very clear that he was interested in testifying if he could obtain a ruling on the admissibility of these prior convictions. Thank you, Mr. Gentry. Thank you. Good morning, Your Honors, defense counsels, and may it please the Court. I'm Assistant State's Attorney Albert Kim, and I represent the people of the state of Illinois in both of these cases this morning. The people respectfully request that this Court affirm both Defendant Patrick and Defendant Phillips' conviction and sentence. Criminal defendants do not have a constitutional right to know prior to testifying whether or not their prior convictions can be used against them. In the instant cases, the trial court's proper exercise of discretion did not impinge on any constitutional rights. The risk of impeachment is a risk that every defendant must weigh in deciding whether or not to testify. As the United States Supreme Court has said, it is consistent with the enlightened administration of criminal justice that a defendant weigh such pros and cons of testifying. In the instant cases, despite the decision to defer, the risk of impeachment remained the same throughout the case for both defendants. Mr. Kim, unless the Court can articulate a good reason why it should not withhold its ruling, wouldn't it seem that the Court should have a duty to tell the defendant to rule on the motion so he can be permitted to have a better defense or decide to testify? Don't you think it's the Court's duty to at least articulate some reason instead of having a blanket reason? The trial court has no duty to make the defendant's trial strategy more convenient or to even lift that burden off the defendant. A trial court has the discretion to grant or to deny or to refuse ruling on a motion limiting altogether. Motion and liminees are inherently advisory opinions. They're designed to assist trial strategy. But this one, the defendant's decision to testify, isn't that a different kind of a motion, whether a decision to testify or not? It would be speculative, Your Honor, to assume that a trial court's ruling on a motion and liminee would be the only or even the most important factor on the defendant's decision to testify. One can speculate that in the situation of Mr. Patrick's decision to testify that he had to testify, notwithstanding the trial court's decision. The defendant, Patrick, presented one defense witness who testified that Mr. Patrick acted in self-defense. But this defense witness admitted that she was a drug user, that she was on drugs at the time she witnessed the incident. One can speculate that Mr. Patrick had to testify, notwithstanding the motion and liminee. Counsel? I'm sorry. You indicated that there's no constitutional question raised here, but what about, you're probably correct, but people versus Montgomery, we do have case law. That's right. And I think the test set up there is a balancing test, and it consists of balancing the nature of the prior crimes, the length of the criminal record, the age and circumstances of the defendant, and the search for the truth for the jury to hear the defendant's story than to know of prior convictions. Which of those factors of the test is helped by waiting for the defendant to testify? The balancing of the probity and the prejudice, Your Honor, has the defendant's testimony can assist the trial court in making that determination. The balancing of the probity and the prejudice is a factual inquiry. For whatever reason, and as a Montgomery court recognized, the trial judge normally has the experience to make these determinations. If a trial judge feels that the defendant's testimony is a relevant, factual consideration in making that determination, the trial court should have that discretion. The law in Illinois is very well settled that a trial court has this discretion to grant, deny, or to refuse motion liminee and to deal with it. Are you ruling people versus Montgomery during the balancing test? Yes, Your Honor. Counsel, do you agree that the judge in the Patrick case had a blanket policy of not ruling on these until after the defendant testified? The record indicates pretty clearly that Judge Sachs does have a policy of not making liminee rulings, but that is consistent with a trial judge's discretion. The trial judge, as I mentioned earlier, has the discretion to refuse ruling on a liminee motion. Judge Sachs has this policy based on his experience in other cases. It is an exercise of discretion. His policy not to make advisory opinions is based on his own experience as a trial judge.  A violation of the rights to... Mr. Kim, not to leave that point, on an abuse of discretion, is the exercise of discretion to be done before the motion is even filed? I mean, in effect, if he has a blanket policy before the counsel has even filed the motion, you already know the ruling apparently. On the motion and liminee, Your Honor. Right. But motion and liminees are advisory opinions, Your Honor. They don't... They're advisory opinions? They're advisory opinions because motion and liminees anticipate the factual context. They anticipate the evidentiary issue before it has become right. Judge Sachs may have a policy. And, yes, defendants in his court may understand that the judge will not be ruling on the liminee motion, but that does not mean at all that the judge, when the evidentiary issue becomes right, when the State seeks to introduce the evidence, would rule one way or the other. That determination I'm certain that the trial court would make, given the correct factual context of that case. But in the cases that look at an abuse of discretion, do those cases not look at the various factors that weigh in to justify whether there is an abuse or not of discretion? In other words, do you not have to look at the facts in a particular case as it's presented? Certainly, certain motion and liminees may require that. But as far as I can recall, the cases do not require or do not at least say that the trial court's exercise of discretion is based on prior experience of the court outside of the case that that is, per se, abuse of discretion. There is certainly no case law that says that, Your Honor. Just one final question. What standard do we look at to determine abuse of discretion if we don't look at any factors? Well, under the abuse of discretion standard, it is the most differential standard of review. The trial court is presumed to have acted properly and exercised its discretion properly. Outside evidence by the defendant that the judge, the trial court, abused its discretion, there must be a presumption. The presumption must stand. In this case, both Defendant Patrick and Defendant Phillips are trying to maintain this facade of a constitutional right to know of this information. That certainly is not the case. What the defendants are actually arguing here is that the trial court abused its discretion because the trial court's exercise of discretion burdened their trial strategy, and that is certainly not an abuse of discretion. Counsel, if I may, I think the position of the defense was, and I invite them to correct me if I'm wrong, is that the reason that there was an abuse of discretion is that there was no discretion exercised. And when there's no discretion exercised, there can't be, it has to be an abuse of discretion because there is no discretion. And I think that's the argument in the case where the judge announces, as the judge did here, that he doesn't grant motions in limine. I think he went beyond it and said, I haven't in the past and I will not in the future. Words to that effect. Is there any exercise of discretion in that act? Yes, Your Honor. It's part of the trial court's discretion to refuse ruling, to refuse giving and eliminate ruling. A trial court is not bound. Well, it was an eliminate ruling on this subject matter. I don't know that it covers all motions. Yes, Your Honor, specifically in this subject matter. The trial court's decision, again, to defer ruling on it until after the defendant testifies. Let me put it another way. Did he make an independent judgment in this case to not rule on the motion in limine? The record reflects that he has a blanket policy, Your Honors. I'm not certain if he, the record is silent as to the judge's reasoning in this specific case. But the people do acknowledge that Judge Sachs has a general policy. Thank you. Judge Sachs, didn't he say he doesn't rule in advisory ways? Yes, Your Honor, and that's precisely why Judge Sachs' decision to not rule on him is appropriate. But all motions in limine are somewhat advisory because they don't have the evidence. Yes, Your Honor, they are. They are advisory. But all motions, they haven't heard the evidence, not just motions in limine. Right, because the motion in limine anticipates the factual context, the evidentiary issue before it actually has been presented before the court. And that's one of the reasons, Your Honors, that both trial courts properly exercise their discretion to defer the eliminate ruling. Contrary to the defendant's claims in their briefs, the standard review is not a de novo standard. A de novo review is only appropriate if the trial court completely misapplied the relevant standard of law, and that certainly did not happen in these cases. In both cases, the trial courts correctly stated the three-pronged Montgomery test, acknowledged that it has a responsibility to weigh the probity and the prejudice of prior convictions in making this determination, and both courts recognized that the courts have a discretion to defer ruling on the issue until the evidentiary issue becomes right. The standard of review, Your Honors, is an abuse of discretion. To understand the wisdom of this, of the trial court's discretion to defer ruling on limine motions, one has to look at the purpose of an eliminate motion. It is important to draw a distinction between the eliminate motion and the evidentiary issue it anticipates. Motions in limine are right for consideration when the trial court chooses to entertain the motion. And as I said earlier, this is because eliminate rulings are essentially advisory opinions. They're not definitive because it calls the trial court to address an evidentiary issue outside of its factual context. In contrast, the evidentiary issue the motion eliminate anticipates addresses only becomes right when the proponent of the evidence seeks to introduce the evidence in question. As such, a trial court possesses the discretion to change its initial eliminate ruling, particularly if the facts of the case have unfolded in a way substantially different from what was anticipated. A trial court is only required to rule on the admissibility of prior convictions after the defendant has testified and when the state seeks to introduce that evidence. If you have that policy, doesn't that, in every case, foreclose the defense from having the opportunity to put that evidence on in their own case and to blunt the possible prejudice from prior convictions? In other words, they give up the opportunity to apprise the jury of this on their own. The only thing a deferred ruling does in reference to that decision is that it makes it harder. It's a burden on the trial strategy. Just because the trial court denies the motion in limine, grants the motion in limine to exclude the prior convictions, doesn't mean that the trial court can't change its ruling once the evidentiary issue becomes ripe. It's speculative also to assume that the prosecution would even try to get these prior convictions once the factual context has become clear, once the prosecution has maybe believed that it would be better not to introduce this evidence. The fact is this information that the defendants seek may help their trial strategy, but by no means gives a definitive answer as to the question of whether or not these prior convictions will be used. The key word is could be used, not will be used. The defendants' decision to front the issue, front the prior convictions, is maybe a little harder to make without the in limine ruling, but certainly isn't a foregone conclusion. Mr. Kim, we discourage trial by ambush, and we encourage discovery so that both sides can prepare adequately for trial. If we approve allowing a trial judge to have a blanket ruling of never deciding the motion in limine beforehand, aren't we granting the trial judge that right to ambush the defendant? No, Your Honor. In this case, the defendants knew their prior convictions. Defendant Patrick knew of his drug convictions and his other felony convictions. Defendant Phillips also knew his prior convictions. He would know that, but he wouldn't know whether they're coming in or not. Yes, Your Honor. But like I said, an in limine ruling will not make that answer definitive. It will just maybe less, will increase the risk or lessen the risk. But the possibility of the convictions coming in is still a possibility, even with the in limine ruling. And as Justice Garmon pointed out in her question, a defense counsel can anticipate, if he knows that the priors are coming in, he can anticipate in opening statements and in direct examination of his client, which perhaps lessens the effect of the prior rather than it suddenly being sprung on the jury in cross-examination. The people acknowledged that that decision by defense counsel would be easier to make. However, the defense counsel nor the defendant is entitled to that information. The trial court is by no means required to make their trial strategy any easier. As a final note, defendants' claims, both defendants' claims, are purely speculative. As many courts have recognized, including the Supreme Court in Luce v. United States, the First District, in many cases, Peeble v. Mims, and others, Fourth District, and Peeble v. Owen Ballard, and most recently, Peeble v. DeBerry, the decision to testify seldom turns on the resolution of any one factor. A reviewing court cannot assume that an adverse ruling bore on the defendant's decision whether or not to testify. As I mentioned earlier, it would be speculation to guess as to what factors or to rank which factors were more important once a defendant's decision whether or not to testify. Moreover, in Defendant Phillips' case, we have the additional problem of addressing harmless error because the defendant did not testify. The Luce court observed that without a defendant's testimony, it is impossible to conduct the harmless error analysis.  It's speculation. It's speculation as to how the defendant would testify. It's speculation as to how the court would have ruled on the motion, and it's speculation as to whether or not the prosecution would have even sought to introduce that evidence. Thus, Your Honors, where the defendant has failed to state a constitutional claim, where the trial court has properly exercised her discretion, and where the defendant's claim is wholly speculative, and based on the other grounds asserted in the Peeble's cross-appeal, the people respectfully request that this court affirm both defendant's conviction and sentence. Thank you, Mr. Kim. Ms. Curry, your vote. Ms. Curry, before you start, can we get to this blanket denial of motions eliminated? Yes. And if, indeed, this court finds that it's discretionary, right, what does it look like when a judge says, I don't grant motions eliminated in this type of, I want to hear the defendant's testimony or wait until the defendant rests until I determine this? You have a judge sitting in a criminal call that hears these cases all the time. If he says the magic words before each case, if he says, I'm exercising my discretion because in these type of cases, I feel that it is prudent to hear the defendant's testimony or wait until the defendant rests to make the ruling, then it's okay where he's exercising his discretion. I mean, does discretion go further than case by case? Does discretion go, well, in all these cases, I feel it is helpful? I mean, what does it look like? I mean, would we be issuing an order that says, well, he has discretion, but in this case, it's blanket. So now this judge, from now on, says, I'm exercising my discretion. I'm not going to rule on the motion eliminating. What's the difference? Well, two things. Discretion, by definition, is based on the facts and circumstances of the specific case. I don't think it's an exercise of discretion if you're not looking at the case at hand. That is not an exercise of discretion. That's a blanket rule never to rule. The rule that could be formulated would be that only in the rarest of circumstances would there be a reason not to rule in advance. As I said, the court has all of the information, and it's an important burden on the defendant's right to testify. These are the two things that the state overlooks. This isn't just a motion in limine regarding, you know, a little bit of evidence. This is a motion in limine that the refusal to rule on implicates and burdens his constitutional right to decide whether or not to testify on his own behalf. That's a pretty significant right and burden by not ruling. You would agree, not a constitutional right. It burdens a constitutional right. What about Justice Carmier's question that he's asked a couple of different times, that if the judge exercises discretion the other way, rules on the motion in limine? Then we're back before the court with a different question, with a different issue. You know, was the judge's ruling, change of ruling, was that? The opposing counsel said the same thing, built-in error, really. So he grants the motion. But there would have to be an erroneous reason for the change of ruling, or else there wouldn't be an issue. But the fact remains that if he does that, if motions in limine are advisory, if he does issue an advisory opinion, hears the defendant's case and says, oh, by the way, now I am letting in, after the defendant testifies, I'm letting in, let the state produce the prior convictions, isn't he more prejudiced because he thought he was going to be able to testify? I mean, that's why it's an exercise in discretion, isn't it? He may or may not be more prejudiced, but that's a different issue. The point is, at the time of the motion in limine, the judge has all of the information. There would have to be some very unusual thing to happen throughout the course of the rest of the trial that would cause the judge to have a valid reason to change his ruling. And at that point, if that was the defendant's testimony or something that was done by a defendant that forced the court to change its ruling, then that's the defendant's problem. But at least he was able to make the decision whether or not to testify with the information about whether his prior convictions were going to come in, whether the court, based on the information that it had at the time of the motion in limine, believed that the convictions should come in. And there's no reason, there's nothing that the court does not have, no information that the court doesn't have or can't get by asking for an offer of proof. The state doesn't even point out what information possibly the court might need in order to wait for the defendant's testimony. Ask for an offer of proof. What is the defendant's testimony going to be? If the defendant's testimony changes, then certainly the court can change its ruling. But there's nothing else. And the importance of this information on the defendant's decision whether or not to testify is so significant, it's just there's no reason for it. And a blanket ruling certainly doesn't take into account any of this. It's a way to get out of ruling on it until the end of the case and maybe you won't have to at that point or whatever. The rule that you're espousing, counsel, is that I believe that only in the rarest of circumstances would it not be an abuse of discretion to rule. I'm not sure, did you say in advance or before trial? In advance of the defendant's testimony, at least. So it wouldn't be necessarily an abuse of discretion if the judge said, I want to hear the testimony, and then if the defendant determines he's going to testify, then the court would address that issue before the defendant testifies? Well, I would say, so I'm trying to get at what's the rule that you think this court should adopt? That absent of rare and unusual circumstances, the trial court should rule on the motion in limine at the time that it's presented to the court. At that point, the judge has all of the information necessary to rule and the defendant can then decide whether or not to testify with all of the significant information at hand. Before trial? Before trial. If there are no other questions? Thank you, Ms. Girt, Mr. Chantry. There's nothing speculative about the damage that a trial court's refusal to rule on a motion to bar prior convictions for impeachment. There's nothing speculative about the harm that that does to a defendant's decision-making process as to whether or not to testify. It's just good policy for the trial court to make an advance ruling, and it benefits not only the defense, but also the prosecution in preparation for its case. Allowing the court on the basis, on no basis whatsoever, to defer ruling when all of the Montgomery factors are known to the court, simply puts some defendants who are unlucky enough to be put in front of such a judge at a horrible disadvantage over other defendants. Likewise, to use the fact that a defendant has not testified as a basis for denying relief to a defendant whose decision to testify has been burdened in such a manner is simply unfair. Unless there are any other questions, I thank the court. Thank you, Mr. Chantry. Thank you, Ms. Girt, and thank you, Mr. Kim. Case number 104077 and 104445, People of the State of Illinois v. Robert Patrick et al. is taken under advisement as agenda number six.